IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AJILON PROFESSIONAL STAFFING, LLC | * |
| | * |
| Plaintiff, | |
| | * |
| v. | Civil Action No. 07-cv-01281 |
| | * |
| JOSHUA KUBICKI, et. al. | * |
| | |
| Defendants. | * |

\* \* \* \* \* \* \*

## SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION

Pursuant to the Court's August 6, 2007 order, Plaintiff Ajilon Professional Staffing, LLC ("Ajilon") respectfully submits this second supplemental memorandum in support of its motion for preliminary injunction against Defendants Joshua Kubicki ("Kubicki"), Kimberly Danowski ("Danowski") and Jon Pomykala ("Pomykala").

### Procedural History

After engaging in limited discovery, the parties appeared at a preliminary injunction hearing on August 6, 2007. The Court allowed the parties to submit additional briefing by the close of business on August 10, 2007. This brief memorandum is being submitted in accordance with the Court's order.

## **Injunctive Relief Is Appropriate in this Case**

A.    **Irreparable Harm to Plaintiff Ajilon Is Present.**

In their Supplemental Memorandum in Opposition to Preliminary Injunction, Defendants took exception to the irreparable harm that Ajilon will suffer if a preliminary injunction is not granted and claimed that Plaintiff is not entitled to a preliminary injunction for this reason.  Given that Ajilon has demonstrated that it is substantially likely to prevail on the merits of this relatively straightforward case, the bar for irreparable harm is not terribly high, and Ajilon has made the necessary showing to fulfill the "sliding scale" analysis of the four factor test for preliminary injunction.  *See Serono Labs. v. Shalala,* 332 U.S. App. D.C. 407, 158 F.3d 1313, 1318 (D.C. Cir. 1998).  As stated in *City Fed. Fin. Corp. v. Office of Thrift Supervision,* "an injunction may be justified…where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury."  313 U.S. App. D.C. 178, 58 F.3d 738, 747 (D.C. Cir. 1995).

Enforcement of Defendants' non-competition agreements is highly likely.  There are a multitude of cases involving sellers of services, such as staffing agencies, where limited, reasonable employment agreements are routinely upheld.  *See, e.g., Greystone Staffing, Inc. v. Goegringer*, 2006 NY Slip Op 52458 (N.Y. Sup. Ct., 2006)(even if customer information is readily attainable through public sources, an employer's legitimate interests in goodwill and relationships that the employee developed at the employer's expense during his employment deserve protection.).  As Judge Posner has plainly stated, covenants not to compete are routinely upheld in "settings in which the former employee is likely to be using information or training acquired from his former

employer.  Enforcement is denied when the former employer is supplying a fungible or standardized product or service….Human beings are not fungible; skilled and semi-skilled workers differ along such dimensions as reliability, experience, know-how and wage demands." *Outsource Int'l v. Barton's Staffing Solutions*, 192 F.3d 662, 673 (7th Cir. 1999)(Posner, J., dissenting).

Further support for Plaintiff's right to injunctive relief stems from the prevailing New Jersey law, which holds that when balancing the harm between the parties, any harm to Defendants is largely irrelevant because they are adults who willingly entered into their employment agreements and then willfully breached multiple terms of those agreements both while employed by Ajilon and within days of leaving the employ of Ajilon.  *See A.T. Hudson & Co v. Donovan*, 216 N.J. Super 426, 434, 524 A.2d 412 (1987).

**B.  This Case Is About More Than Monetary Damages.**

This is not simply a straightforward case of money damages that pertains to a single lost business opportunity, as in *Capitol Paving of D.C., Inc. v. Dist. of Columbia*, No. 07-113, 2007 WL 1541498 (D.D.C. May 23, 2007).  In that case, when the plaintiff did not win a single paving contract with the defendant after an open bidding process, it sought to enjoin its successful competitor from receiving the contract.  *Id.*  Rather, this is a case of potential loss of goodwill among multiple clients, clients with whom Ajilon has invested many resources in acquiring and maintaining relationships.

As both parties have underscored, this is an industry built on goodwill; an industry in which companies that offer the same basic services distinguish themselves through business contacts and reputation, and in which companies regularly use

3

employment agreements to impose reasonable, limited constraints upon employees. It is not a matter of opening a phone book or consulting a website to garner business. If it were that simple then there is no explanation for why Solomon-Page Group ("SPG") did not do business with firms like Crowell and Moring and Mayer Brown before it hired Defendants. (*See* Exhibit 7 to Plaintiff's Supplemental Memorandum for Preliminary Injunction.)

Under New Jersey law, the loss of goodwill, the disclosure of confidential and proprietary information, and the interference with customer relationships may be the basis for a finding of irreparable harm. *See, e.g., SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1258-59 (3d Cir.1985) (employer's customer relationships and goodwill protectible through covenants not to compete).

In diverting business from Ajilon's clients to SPG, there is no telling what Defendants have said to Ajilon's clients about the company or how likely those clients are to return to their prior relationship with Ajilon. A contact at one of Ajilon's largest clients – who is not the sole decision-maker regarding staffing issues – has already expressed that the firm is no longer using Ajilon. (TRO Hearing Transcript 25:15-16.) This casual statement by <u>one</u> Mayer Brown employee does not support Defendants' bald assertion that Ajilon will <u>never</u> be able to regain business with this client. (Defendants' Supplemental Memorandum at p. 7.) However, it does demonstrate that Kubicki has interfered with Ajilon's business relationships, harming Ajilon's reputation with Mayer Brown in a manner that Ajilon is now forced to address and rectify. This loss of goodwill is one of the non-monetary reasons why Plaintiff deserves injunctive relief.

4

### C. The Issue of Collecting Damages Should Be Considered.

Even if the Court finds that this is a simple case of monetary damages, there is the potentially problematic issue of collecting damages. As evidence by his own sales figures (Exhibit 23 to Plaintiff's Supplemental Motion for Preliminary Injunction) as well as those submitted by Ajilon (Exhibit 25), Defendant Kubicki solicited millions of dollars in business for Ajilon each quarter. To recompense Ajilon for all of the lost business that he diverts to Solomon-Page Group over the pendency of the litigation would very likely be well beyond the Defendants' means.

In cases such as this, a preliminary injunction is appropriate even though the plaintiff's injury is compensable through money damages alone. *Apollo Technologies v. Centrosphere Indus.*, 805 F.Supp. 1157, 1210-11 (N.J., 1992)(citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 205-06 (3d Cir.1990); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801-02 (3d Cir.1989); *Morton v. Beyer*, 822 F.2d 364, 371 (3d Cir.1987); *United Steel-workers of Am. v. Fort Pitt Steel Casting,* 598 F.2d 1273, 1280 (3d Cir.1979)).

### D. Defendants Have Engaged in Wrongful Conduct that Must Be Enjoined.

The facts of this case stand in stark opposition to *Laidlaw, Inc. v. Student Transp. of America, Inc.*, in which the Court held that the plaintiffs produced insufficient evidence to show that the defendants "[were] using, or, in the immediate future, [were] likely to use such confidential information, solicit Laidlaw employees, or interfere with proprietary customer relationships, Plaintiffs [were] not entitled to an injunction." 20 F.Supp.2d 727 (D.N.J. 1998); *see also Continental Group, Inc. v. Amoco Chemicals*

5

*Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)("Injunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. Nor will an injunction be issued to restrain one from doing what he is not attempting and does not intend to do."). Ajilon has plainly demonstrated that Defendants breached their contractual obligations by failing to refrain from competing with Ajilon, soliciting Ajilon's clients, or soliciting Ajilon's employees.

Therefore, the terms of the agreements should now be enforced and injunctive relief should be properly granted.

Respectfully submitted,

Schnader Harrison Segal & Lewis LLP

By:    /s/ Benjamin W. Hahn
Benjamin W. Hahn (Bar No. 446270)
2001 Pennsylvania Ave. N.W., Suite 300
Washington, DC 20006-1825
Telephone: (202) 419-4242
Email: bhahn@schnader.com

Counsel for Plaintiff Ajilon Professional Staffing, LLC

6