IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| AJILON PROFESSIONAL STAFFING, LLC | * * | |
| Plaintiff, | * * | |
| v. | * | Civil Action No. 1:07-CV-01281-RJL |
| | * * | |
| JOSHUA KUBICKI, ET AL | * * | |
| Defendants. | * | |

**PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

WHEREAS the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this 16th day of August, 2007, by the United States District Court for the District of Columbia, ORDERED:

1. **Designation of Discovery Materials as Confidential.** All documents made available by the parties to each other in connection with this litigation in response to interrogatories, document requests, requests for admission, or other discovery requests, as deposition exhibits or deposition transcripts, declarations and affidavits and exhibits thereto, or as proposed trial exhibits, as well as information derived therefrom and all copies, excerpts or summaries thereof shall be subject to this Order concerning confidential information, as set forth below:

   a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other



confidential research, development, or commercial information. Confidential documents shall not consist of documents that are or become a matter of public record through any means independent of a violation of this Protective Order. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities or at the office of the party's counsel, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

      b)     Parties may also designate documents as "CONFIDENTIAL – ATTORNEYS ONLY" in which such documents will be limited to use by counsel, except that such documents may also be disclosed to deponents, trial witnesses, and experts on an "as needed" basis.

      (1)     If counsel questioning any witness at a deposition or trial intends to show a document marked "CONFIDENTIAL – ATTORNEYS ONLY," then counsel for the party proposing to show such a document must identify the proposed document to counsel for the producing party before showing it to the witness. In the instance of a deposition, if counsel for the party producing the "CONFIDENTIAL – ATTORNEYS ONLY" document believes that there is no good faith basis for using the document with the witness or that the harm outweighs the probative value of using the document, then such counsel may suspend the deposition to seek guidance from the Court. The questioning counsel shall complete the deposition without using the document, subject to resuming the deposition depending upon the court's ruling. If (s)he chooses to do so, the

questioning counsel may present or describe such document(s) to the producing counsel in advance of the deposition and, in the event there is disagreement, seek guidance from the Court before the deposition commences.

      c)      Portions of depositions of a party or a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

      d)      Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

      e)      The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

      (1)      Disclosure may be made to counsel and employees of counsel for the parties who have direct responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

      (2)      Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of

documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(3) Disclosure may be made to consultants or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence. Prior to providing such experts with access to confidential documents pursuant to the provisions of this Protective Order, the parties shall require that the expert to be given access to the material execute a written acknowledgement that he or she understands the terms of this Protective Order and agrees to abide by them. <u>See</u> Exhibit A.

f) Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" if that term does not already appear.

2. **Termination of Confidentiality Restrictions**. No part or parts of the restrictions imposed by paragraph 1 above may be terminated except by a written stipulation by the parties hereto or by an order of this Court for good cause shown. After the final termination of these proceedings, the provisions hereof relating to the access and use of confidential documents shall continue to be binding upon all persons entitled to access under the terms of this Protective Order.

3.      **Confidential Information Filed with Court.**  To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous motion for interim sealing (hereinafter the "Interim Sealing Motion"). Even if the filing party believes that the materials subject to the Protective Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 4 of this Protective Order.

4.      **Party Seeking Greater Protection Must Obtain Further Order.**  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

5.      **Challenging Designation of Confidentiality**.  A designation of confidentiality may be challenged upon motion.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

6.  **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

---

Benjamin W. Hahn, Bar No. 446270
SCHNADER HARRISON SEGAL & LEWIS LLP
2001 Pennsylvania Avenue
Suite 300
Washington, DC 20006-1825

*Counsel for Plaintiff*

---

Michael A. Schlanger, Esquire
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401

*Counsel for Defendants*

---

Date

---

Date

It is so ORDERED this 16th day of Aug, 2007.

_____
The Honorable Richard J. Leon
United States District Judge

**Exhibit A**

**Agreement Concerning Confidential Discovery Materials**

I hereby acknowledge that: I have read the attached Protective Order Regarding Confidentiality of Discovery Materials entered in the United States District Court for the District of Columbia in the <u>Ajilon Professional Staffing, LLC v. Joshua Kubicki, et al.</u> litigation, Civil Action 1:07-CV-01281-RJL; I understand the terms of the Protective Order and agree to comply with and be bound by those terms; and I understand that a violation of those terms could be punishable as a contempt of court.

I consent to the jurisdiction of the United States District Court for the District of Columbia for enforcement of the Protective Order.


Date:_____         _____
                                     Signature


                                     _____
                                     Print or Type Name