IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AJILON PROFESSIONAL STAFFING, LLC,

Plaintiff

v.

JOSHUA KUBICKI, KIMBERLY DANOWSKI, JON POMYKALA, and SOLOMON-PAGE GROUP, LLC

Defendants.

CASE NO. 1:07-cv-01281-RJL

## ANSWER OF DEFENDANT SOLOMON-PAGE GROUP, LLC

Defendant Solomon-Page Group LLC, in answer to the amended complaint of Plaintiff Ajilon Professional Staffing, LLC, states as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted, except denied that Solomon-Page Group LLC is a corporation; it is a limited liability corporation.

6. Sets forth legal conclusions that do not require a response.

7. Sets forth legal conclusions that do not require a response.

8. Admitted that "Ajilon is engaged in the legal staffing industry." Solomon-Page is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. The first sentence of paragraph 9 is admitted. Solomon-Page is without knowledge or information sufficient to form a belief as to the allegations in the second and third sentence of paragraph 9. Denied the characterization of the Employment Agreement set forth in the last sentence of paragraph 9; the agreement speaks for itself.

10. Admitted that Kubicki signed an employment agreement, and that a copy of the Employment Agreement that Kubicki signed was attached to the original complaint in this action, but denied that it is attached to the amended complaint. Solomon-Page is without knowledge or information sufficient to form a belief as to the remaining allegations.

11. Admitted that Kubicki signed an Employment Agreement, and that paragraph 11 purports to quote from provisions of the Employment Agreement, but states that the document speaks for itself. Denied the characterization of the Employment Agreement set forth in the first sentence of paragraph 11.

12. Admitted that Kubicki signed an Employment Agreement, and that paragraph 12 purports to quote from provisions of the Employment Agreement, but states that the document speaks for itself. Denied the characterization of the Employment Agreement set forth in the first sentence of paragraph 12.

13. Admitted that Kubicki signed an Employment Agreement, and that paragraph 13 purports to quote from provisions of the Employment Agreement, but states that the document speaks for itself. Denied the characterization of the Employment Agreement set forth in the first sentence of paragraph 13.

14. Admitted that Danowski signed an Employment Agreement. Solomon-Page is without knowledge or information sufficient to form a belief as to when Danowski became an employee and signed the agreement, or whether the document Danowski signed is a "standard" Ajilon Employment Agreement. Admitted that a copy of the Employment Agreement that Danowski signed was attached to the original complaint in this action, but denied that it is attached to the amended complaint.

15. Admitted that Danowski signed an Employment Agreement, but denied the characterization set forth in paragraph 15. The document speaks for itself.

16. Admitted that Danowski signed an Employment Agreement, and that paragraph 16 purports to quote from provisions of the Employment Agreement, but states that the document speaks for itself. Denied the characterization of the Employment Agreement set forth in the first sentence of paragraph 16.

17. Admitted that Pomykala signed an Employment Agreement. Solomon-Page is without knowledge or information sufficient to form a belief as to when Pomykala became an employee and signed the agreement, or whether the document Pomykala signed is a "standard" Ajilon Employment Agreement. Admitted that a copy of the Employment Agreement that Pomykala signed was attached to the original complaint in this action, but denied that it is attached to the amended complaint.

18. Admitted that Pomykala signed an Employment Agreement, but denied the characterization set forth in paragraph 18. The document speaks for itself.

19. Admitted that Pomykala signed an Employment Agreement, and that paragraph 19 purports to quote from provisions of the Employment Agreement, but states that

the document speaks for itself. Denied the characterization of the Employment Agreement set forth in the first sentence of paragraph 19.

20. The first sentence of paragraph 20 is admitted. As for the second sentence, admitted that the two companies compete in certain "geographic areas where Ajilon operates, including Washington, D.C.," but is without knowledge or information as to whether they compete in all geographic areas where Ajilon operates.

21. Denied.

22. Admitted that Kubicki first interviewed with Solomon-Page in April 2007, but denied that Solomon-Page was "recruiting" him. Solomon-Page is without knowledge or information sufficient to form a belief as to whether all Ajilon employees have signed confidentiality agreements, and therefore denied that it was aware that all Ajilon employees have signed such agreements.

23. Admitted that Kubicki met with Lloyd Solomon or other Solomon-Page employees on April, 4, 2007, April 19, 2007, and May 8, 2007, but denied that Solomon-Page arranged and paid for the travel. Kubicki made his own travel arrangements, paid his own bills, and has not been reimbursed. Denied that these meetings were in furtherance of a "solicitation."

24. Denied, except admitted that Kubicki provider a recruiter, Mark Brunkhorst, with a compilation of the quarterly revenue he generated for Ajilon in 2005 and 2006, and admitted that Kubicki provided a business plan to Brunkhorst. As to whether it was marked "Confidential," the document speaks for itself. Solomon-Page is without knowledge or information sufficient to form a belief as to when Kubicki created the business plan or at whose direction.

25. Denied, except admitted that Kubicki expressed to Solomon-Page his desire to have Danowski and Pomykala join Solomon-Page, and that Danowski and Pomykala were hired by Solomon-Page.

26. Denied, except admitted that Kubicki expressed a need for Solomon-Page to acquire office space in Washington, D.C., and that June 19, 2007 was before Kubicki gave notice or resigned.

27. Denied, except admitted that Kubicki emailed Solomon on June 19, 2007. Denied Ajilon's characterization of the email, which speaks for itself.

28. Denied.

29. Admitted that Kubicki resigned on June 20, 2007, and Danowski and Pomykala resigned on June 29, 2007, and that all now work for Solomon-Page. The last sentence sets forth a legal conclusion that does not require a response. To the extent that a response is required, the allegations are denied.

30. Denied, except admitted that Pomykala and Danowski were hired by Solomon-Page. The last two sentences set forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

31. Admitted that Kubicki solicited business from Crowell and Moring and Mayer Brown on behalf of Ajilon while he worked at Ajilon. Solomon-Page is without knowledge or information sufficient to form a belief as to whether these firms were "extremely important," "very profitable," or "among Ajilon's biggest clients." The last sentence sets forth a legal conclusion that does not require a response. To the extent that a response is required, the allegations are denied.

5

32. Denied, except admitted that Danowski and Pomykala assisted with Ajilon-staffed projects at Crowell and Mayer Brown while working at Ajilon and that Danowski and Pomykala are now employed by Solomon-Page.

33. Solomon-Page is without knowledge or information sufficient to form a belief as to whether Ajilon was aware of Solomon-Page's existing relationships. The remaining allegations are denied.

34. Solomon-Page is without knowledge or information sufficient to form a belief as to whether Crowell and Mayer Brown were extremely important and lucrative clients. The remaining allegations are denied.

35. Denied, except admitted that Pomykala has been listed as a contact person on Solomon-Page advertisements and that Danowski has performed administrative duties with respect to Mayer Brown and Crowell projects for Solomon-Page.

36. To the extent that these "actions" make reference to paragraph 35, and thus are a list of actions alleged to be business torts or breaches of any employment agreement, they set forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied, except admitted that Kubicki negotiated to obtain office space for Solomon-Page and that Kubicki assisted Danowski and Pomykala in obtaining positions at Solomon-Page. Solomon-Page is without knowledge or information sufficient to form a belief as to whether Kubicki arranged for Crowell to hire 42 contract attorneys at a heavily discounted rate in June 2007.

37. Denied.

38. Denied, except admitted that Solomon-Page has information on law firms' policies and procedure, which are not confidential and which the firms willingly provide.

39. Solomon-Page is without knowledge or information sufficient to form a belief as to whether Ajilon believes the allegations in paragraph 39. To the extent that the allegations in this paragraph require further response, they are denied.

40. Denied.

41. Solomon-Page is without knowledge or information sufficient to form a belief as to whether Ajilon believes the allegations in paragraph 41. To the extent that the allegations in this paragraph require further response, they are denied.

42. Solomon-Page incorporates by reference paragraphs 1 through 41 of this answer as if fully set forth below.

43. Denied that Ajilon's clients' names, addresses, telephone numbers, and contact information constitute trade secrets. Solomon-Page is without knowledge or information sufficient to form a belief as to whether Ajilon devoted substantial time, effort, and money to acquiring, developing, and protecting its client base, and therefore the allegations are denied.

44. Denied.

45. Denied.

46. Denied.

47. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

48. Denied. The Court has found that Ajilon does not face irreparable injury.

49. Solomon-Page incorporates by reference paragraphs 1 through 48 of this answer as if fully set forth below.

50. Denied, except admitted that Kubicki has obtained work from at least two clients for Solomon-Page, and that Danowski and Pomykala work for Solomon-Page.

51. Denied.

52. Denied. The Court has found that Ajilon does not face irreparable injury.

53. Denied that Ajilon has been damaged by Defendants' actions. Admitted that the amended complaint seeks judgment against Defendants, but denied that judgment is warranted.

54. Solomon-Page incorporates by reference paragraphs 1 through 53 of this answer as if fully set forth below.

55. Solomon-Page is without knowledge or information sufficient to form a belief as to Ajilon's current business relationships, and therefore the allegations are denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

61. Denied. The Court has found that Ajilon does not face irreparable injury.

62. Denied that Ajilon has been damaged by Defendants' actions. Admitted that the amended complaint seeks judgment against Defendants, but denied that judgment is warranted.

63. Solomon-Page incorporates by reference paragraphs 1 through 62 of this answer as if fully set forth below.

64. Whether Defendants "owed contractual obligations" is a legal conclusion that does not require a response. To the extent that a response is required, the allegations are denied.

65. Denied.

66. Denied.

67. Denied.

68. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

69. Denied. The Court has found that Ajilon does not face irreparable injury.

70. Denied. The Court has found that Ajilon does not face irreparable injury.

71. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

72. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

73. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

74. Denied. The Court has found that Ajilon does not face irreparable injury.

75. Denied that Ajilon has been damaged by Defendants' actions. Admitted that the amended complaint seeks judgment against Defendants, but denied that judgment is warranted.

76. Solomon-Page incorporates by reference paragraphs 1 through 75 of this answer as if fully set forth below.

77. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

78. Denied.

79. Denied.

80. Sets forth legal conclusions that do not require a response.  To the extent that a response is required, the allegations are denied.

81. Denied.

82. Denied.  The Court has found that Ajilon does not face irreparable injury.

83. Solomon-Page incorporates by reference paragraphs 1 through 82 of this answer as if fully set forth below.

84. Denied.

85. Denied.

86. Denied.

87. Sets forth legal conclusions that do not require a response.  To the extent that a response is required, the allegations are denied.

88. Denied.  The Court has found that Ajilon does not face irreparable injury.

89. Denied that Ajilon has been damaged by Defendants' actions.  Admitted that the amended complaint seeks judgment against Defendants, but denied that judgment is warranted.

90. Solomon-Page incorporates by reference paragraphs 1 through 89 of this answer as if fully set forth below.

91. Sets forth legal conclusions that do not require a response.  To the extent that a response is required, the allegations are denied.

92. Denied.  The Court has found that Ajilon does not face irreparable injury.

93. Denied that Ajilon has been damaged by Defendants' actions.  Admitted that the amended complaint seeks judgment against Defendants, but denied that judgment is warranted.

94. Solomon-Page incorporates by reference paragraphs 1 through 93 as if fully set forth below.

95. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

96. Sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

97. Denied. The Court has found that Ajilon does not face irreparable injury.

98. Solomon-Page incorporates by reference paragraphs 1 through 97 of this answer as if fully set forth below.

99. Denied.

100. Denied.

101. Admitted that the amended complaint requests punitive damages, but denied that Ajilon is entitled to them.

102. Solomon-Page incorporates by reference paragraphs 1 through 101 of this answer as if fully set forth below.

103. Denied. The Court has found that Ajilon does not face irreparable injury.

104. Denied.

105. Denied that Ajilon has any confidential information or trade secrets at issue in this case.

106. Admitted that the amended complaint requests a permanent injunction, but denied that such relief is appropriate.

107. Denied. The Court has found that Ajilon does not face irreparable injury.

In response to the "PRAYER FOR RELIEF" on pages 28-29 of the amended complaint, Solomon-Page denies that Ajilon is entitled to any relief whatsoever.

Solomon-Page denies each and every allegation not heretofore specifically admitted.

## **AFFIRMATIVE DEFENSES**

1. The amended complaint, in whole or in part, fails to state a claim for relief.

2. Ajilon cannot establish the prerequisites for punitive damages, injunctive relief, or specific performance.

3. Res judicata, collateral estoppel, and law of the case prevent Ajilon from arguing that it is entitled to injunctive relief or that it has been irreparably harmed.

4. Ajilon's claims for damages are barred, in whole or in part, by its failure to mitigate any alleged injury or damages.

5. Ajilon's claims are barred, in whole or in part, by res judicata and collateral estoppel.

6. The employment agreements that Kubicki, Danowski, and Pomykala signed with Ajilon are invalid and unenforceable.

7. Solomon-Page hereby gives notice that it intends to rely upon any other affirmative defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its answer to assert any such affirmative defenses.

Respectfully submitted,


\_\_\_/s/  Mark W. Mosier_____
Michael A. Schlanger (D.C. Bar No. 88849)
Mark W. Mosier (D.C. Bar No. 974887)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, DC  20004
Telephone:  (202) 662-6000
Facsimile:  (202) 662-6291


October 12, 2007

*Attorneys for Defendant Solomon-Page Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Answer of Defendant Solomon-Page Group LLC was caused to be served upon:

>Benjamin Hahn, Esq.
>SCHNADER HARRISON SEGAL & LEWIS LLP
>2001 Pennsylvania Ave N.W., Suite 300
>Washington, DC 20006-1825

by the Court's ECF system under the Rules of this Court on October 12, 2007.


    /s/  Mark W. Mosier
Mark W. Mosier