# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

AJILON PROFESSIONAL STAFFING, LLC,

             Plaintiff,

             v.

JOSHUA KUBICKI, KIMBERLY DANOWSKI,
JON POMYKALA, and SOLOMON-PAGE
GROUP, LLC,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

CASE NO. 1:07-cv-01281-RJL

**AJILON'S MOTION TO DISMISS WITHOUT PREJUDICE
AND INCORPORATED POINTS AND AUTHORITIES IN SUPPORT**

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

I. PROCEDURAL AND FACTUAL BACKGROUND ................................................................2

    A.    The Original Complaint And Amended Complaint...............................................2

    B.    The Lack Of Diversity ..........................................................................................3

    C.    The Parties Discuss The Lack Of Diversity And Dismissal ..................................3

II. ARGUMENT ....................................................................................................................5

    A.    Dismissal Of The Entire Action Is Mandatory Due To The Lack Of
            Complete Diversity ...............................................................................................6

    B.    Even If Dismissal Of The Entire Action Were Not Mandatory, Dismissal
            Of The Entire Action Still Is Proper Under Rule 41(a)(2).....................................7

            1.    Continuation Of The Litigation In D.C. Superior Court Does Not
                   Constitute "Clear Legal Prejudice"—As Defendants Recognized In
                   Initially Agreeing To Dismissal............................................................7

            2.    Ajilon's Claims Against All Defendants Should Be Litigated In A
                   Single Court .........................................................................................9

CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

Page

**Cases**

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).......................................................... 6

*Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545 (1983) ....................... 9

*Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620 (D.C. Cir. 1975)................... 9

\* *Conafay v. Wyeth Laboratories*, 841 F.2d 417 (D.C. Cir. 1988)............................ 7, 8

*Estate of Israel v. Commissioner of I.R.S.*, 159 F.3d 593 (D.C. Cir. 1998)................. 9

\* *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)....................... 5, 6

\* *In Re Fed. Election Campaign Act Litig.*, 474 F. Supp. 1051 (D.D.C. 1979) .................. 1, 6, 7

*Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243 (D.C. Cir. 1999) .................. 7

*Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley*, 178 F.R.D. 328 (D.D.C. 1998) ........ 8

*Shulman v. Voyou, LLC*, 305 F. Supp. 2d 36 (D.D.C. 2004)....................................... 3

*Taylor v. Commonwealth of Virginia*, 170 F.R.D. 10 (E.D. Va. 1996) ....................... 6


**Statutes**

28 U.S.C. § 1332(a)(1)............................................................................................ 5

28 U.S.C. § 1332(c)(1)............................................................................................ 3


**Other Authorities**

9 Wright & Miller, Federal Practice and Procedure:  Civil 3d § 2364 ........................ 7

## INTRODUCTION

Plaintiff Ajilon Professional Staffing, LLC ("Ajilon") hereby moves to dismiss this action without prejudice as to all defendants: Joshua Kubicki, Kymberly Coder (formerly Kimberly Danowski), Jon Pomykala, and Solomon-Page Group, LLC ("SPG"). Facts identified during discovery show that complete diversity—and therefore federal jurisdiction—is lacking because defendant SPG has the same citizenship as plaintiff Ajilon. As a result, "'dismissal is mandatory and not dependent upon the motion of a party.'" *In Re Fed. Election Campaign Act Litig.*, 474 F.Supp. 1051, 1052-53 (D.D.C. 1979) (citation omitted).

Defendants concede the absence of complete diversity and until a week ago had agreed to voluntary dismissal without prejudice, with the case being re-filed in D.C. Superior Court. Their counsel had approved (though not signed) dismissal papers prepared by plaintiff, and had agreed to accept service of plaintiff's D.C. Superior Court complaint. The following day, however, a federal judge in New York entered a temporary restraining order against defendant SPG in another action filed by plaintiff Ajilon. (In that case too, SPG raided Ajilon employees, who, like the individual defendants here, proceeded to move confidential, propriety information and clients to SPG. Also, as in this case, SPG orchestrated and encouraged these actions by, among other things, agreeing to indemnify the individuals in any litigation resulting from the individuals' wrongful action.) Smarting from the New York ruling, defendants did an about-face and said they would agree to dismissal of defendant SPG only, and not the entire case.

The action should be dismissed without prejudice in its entirety. Dismissal is mandatory due to the lack of diversity jurisdiction, and in any event is appropriate under Rule 41(a)(2) because defendants can show no "clear prejudice." Defendants' claim of prejudice rings hollow indeed given their recent ***agreement*** to dismiss, and given the prejudice and waste of judicial resources that would result from litigating the same dispute in two courts.

# I.
# PROCEDURAL AND FACTUAL BACKGROUND

**A.     The Original Complaint And Amended Complaint.**

This action was originally filed against the three individual defendants in July 2007, alleging breach of contract, breach of fiduciary duties, violation of the D.C. Uniform Trade Secret Protection Act, and related claims arising from defendants' actions in leaving Ajilon and joining SPG.  (D.E. 1.)  In August of last year this Court heard plaintiff's motion for a TRO and preliminary injunction, which was denied.  On September 6, 2007, Ajilon amended its complaint and added SPG as a defendant, alleging tortious interference, unfair competition, conspiracy, and other state-law claims arising from SPG's conduct in its recruitment of the individual defendants, its complicity in their breaches, and its interference with Ajilon's employment agreements and customer relationships.  (D.E. 25).

The claims against SPG are based on many of the same facts as the claims against the individual defendants.  (*Id*.)  SPG's participation in the individuals' breach is in fact profound, as further discovery has confirmed.  "My goal," lead defendant Kubicki told the recruiter who placed him with SPG, is "to ***deliver unto SP[G] my book of clients*** . . . ."  (Production of Defendant Joshua Kubicki, at JK00252.)  Kubicki had an agreement not to solicit former clients, and discovery has shown that in his first conversations with the SPG recruiter Kubicki pointed out the provisions in his employment agreement that prohibited him from "delivering" his clients to SPG— "Would they indemnify me?," he asked.  (Production of Mark Brunkhorst, at MB-000198.)  SPG obliged in order to encourage Kubicki and the other defendants to breach their agreements.  Still on Ajilon's payroll and with SPG's encouragement and support, Kubicki then proceeded to act as an agent for SPG, securing office space, diverting multi-million dollar

corporate opportunities to SPG, and recruiting his Ajilon co-workers in patent violation of his employment agreement.

**B.      The Lack Of Diversity.**

When the case was originally filed in this Court, jurisdiction was based on diversity of citizenship.  However, as the parties now agree, the addition of SPG destroyed diversity:  Ajilon is a limited liability company, and its citizenship therefore is determined by its owners'.  *See Shulman v. Voyou, LLC*, 305 F. Supp. 2d 36, 40 (D.D.C. 2004).  Ajilon is owned by another LLC, Adecco North America, LLC—which is in turn owned by ASI Staffing, Inc., a Delaware corporation with its principal place of business in New York.  Because ASI Staffing, Inc. is a citizen of both Delaware and New York (28 U.S.C. § 1332(c)(1)), Ajilon also is a citizen of both states.

SPG also is an LLC.  Its owners Lloyd Solomon and Scott Page are both citizens of New York, as defendants' counsel recently confirmed.  Because Ajilon and SPG both have New York citizenship, there is no diversity.

**C.      The Parties Discuss The Lack Of Diversity And Dismissal.**

When Ajilon amended its complaint, it continued to predicate jurisdiction on diversity.  (D.E. 25, at ¶ 6.)  Defendants did not file a motion to dismiss or otherwise challenge diversity jurisdiction in their answers to the Amended Complaint.  (D.E. 26-28, 32.)[1]

Undersigned counsel replaced Ajilon's original counsel and entered their appearance on December 7, 2007.  The parties have been engaged in discovery since then—document requests

---

[1] The amended complaint alleged that Ajilon was a "Delaware limited liability company that maintains its principal place of business . . . .  [in] Saddle Brook, New Jersey 07663" (Compl. ¶ 1), and that SPG was "a Delaware corporation that maintains its principal place of business [in] New York, New York 10036."  (D.E. 25, at ¶ 5.)

and interrogatories have been exchanged, and a third party deposed—and on January 7, 2008

SPG answered an interrogatory identifying Lloyd Solomon and Scott Page as its owners.  On

February 12, Ajilon attorney Eugene Scalia spoke with SPG attorney Michael Schlanger and

asked whether it was the case that Lloyd Solomon and Scott Page were New York citizens,

stating that if either was, jurisdiction did not exist.  Schlanger confirmed that Solomon and Page

were New York citizens and expressed familiarity with the associated question of the Court's

jurisdiction.

In their discussion, Scalia proposed that the parties agree to dismiss the case and that

Ajilon re-commence the action in D.C. Superior Court.  By email of February 20, defendants'

counsel agreed that the parties file a stipulation of dismissal without prejudice, and asked

Ajilon's counsel to prepare the papers.  Ajilon did so, transmitting on February 22 a draft

stipulation to dismiss the entire case.  On Saturday, February 23, SPG's counsel said by email

that the stipulation "looks fine to me" and asked for comment from his co-counsel; the next day,

Sunday the 24th, SPG's counsel agreed in an email to accept service of the complaint that was to

be filed in D.C. Superior Court.

The following Monday, February 25, Judge Batts of the Southern District of New York

conducted a TRO hearing in an action filed on February 6 by Ajilon against SPG and several

Long Island employees who had left Ajilon for SPG.  The TRO action concerned SPG's actions

in New York, consistent with its *modus operandi* here in Washington, D.C., of recruiting Ajilon

employees to divert Ajilon's customer relationships and clients to SPG and indemnifying those

employees to encourage their wrongful activity.  In addition to soliciting Ajilon's clients on

behalf of SPG, one of the individuals in Long Island smuggled out confidential documents from

Ajilon's offices on Christmas Eve so that they could be used for SPG's benefit.  At the close of

the hearing, Judge Batts granted Ajilon a TRO, which was subsequently entered on February 29. (*See* Ex. 1.)

The following night, Tuesday February 26, defendants' counsel revoked their agreement to dismiss the case without prejudice.[2]  In an email, defendants stated that they would join "a stipulation to dismiss the federal case as against Solomon Page," but not as to the three individual defendants.  (Ex. 2.)  The email cited the supposed hardship to the individual defendants of being "sued a second time, in a second court, before a second judge"—all things that were evident when the parties had agreed to dismiss the case from this Court and recommence where things had been left off in D.C. Superior Court.  (*Id.*)

## II.
## ARGUMENT

Because both SPG and Ajilon are citizens of New York, diversity jurisdiction does not exist in this action.  28 U.S.C. § 1332(a)(1); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").  Accordingly, dismissal of this action—in entirety—is mandatory.  Even if this Court were to consider this motion under Rule 41(a)(2), moreover, the motion should be granted because defendants cannot demonstrate "clear legal prejudice" resulting from dismissal of the action accompanied by re-filing in D.C. Superior Court.  All of the parties' discovery to date will be directly applicable to the D.C.

---

[2]  Defendants' counsel had begun to raise questions about the agreement to dismiss the day before, relating their concern explicitly to the ruling handed down earlier in the day by the New York judge.  In a phone call, defendants' counsel asked for assurance that Ajilon would not recommence this action in New York, rather than in D.C. Superior Court.  Ajilon had no such intention.

Superior Court proceeding, which is expected to involve the same parties and claims. Ajilon expects to file its complaint shortly in D.C. Superior Court.

**A.     Dismissal Of The Entire Action Is Mandatory Due To The Lack Of Complete Diversity.**

Because this Court lacks subject matter jurisdiction over the case, "'dismissal is mandatory and not dependent upon the motion of a party.'" *In Re Fed. Election Campaign Act Litig.*, 474 F.Supp. at 1052-53 (D.D.C. 1979) (citation omitted). Further, as the Supreme Court has recognized, a single nondiverse party "contamin[ates]" the entire action, thus destroying jurisdiction over all of the claims. *Exxon Mobil Corp.*, 545 U.S. at 562 (rejecting "contamination theory" as to amount-in-controversy requirement, but distinguishing "the special context of the complete diversity requirement because the presence of nondiverse parties on both sides of a lawsuit eliminates the justification for providing a federal forum"); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 502 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety.").

The entire action should accordingly be dismissed, not merely SPG, as defendants have (most recently) proposed. As Judge Richey of this Court recognized in *In Re Federal Election Campaign Act Litigation*, there can be no "balancing process" concerning the appropriate outcome when there is no subject matter jurisdiction. 474 F.Supp. at 1053. In that case the plaintiff filed a request for voluntary dismissal pursuant to Rule 41(a)(2), but the Court instead granted defendants' motion to dismiss for lack of subject matter jurisdiction, explaining: "If a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised." *Id.*; *see also Taylor v. Commonwealth of Virginia*, 170 F.R.D. 10, 12 (E.D. Va. 1996) (following *In Re Federal Election*).

Accordingly, because there is no dispute that this Court lacks subject matter jurisdiction over the action, dismissal of the entire action is "mandatory," and this Court need not enter into any "balancing" analysis under Rule 41(a)(2). *See In Re Fed. Election Campaign Act Litig.*, 474 F.Supp. at 1053.[3]

**B.     Even If Dismissal Of The Entire Action Were Not Mandatory, Dismissal Of The Entire Action Still Is Proper Under Rule 41(a)(2).**

Defendants have proposed that the Court dismiss the claims against SPG only.  For reasons just shown, that is mistaken:  simply, there is no jurisdiction and dismissal is required. Even if dismissal of all parties were discretionary, however, it would be appropriate here under Rule 41(a)(2) because defendants cannot show that dismissal will "inflict clear legal prejudice." *Conafay v. Wyeth Labs.*, 841 F.2d 417, 419 (D.C. Cir. 1988); *see also* 9 Wright and Miller, Federal Practice and Procedure:  Civil 3d § 2364 (district court will deny motion "if the defendant would be prejudiced seriously by a dismissal").

**1.     Continuation Of The Litigation In D.C. Superior Court Does Not Constitute "Clear Legal Prejudice"—As Defendants Recognized In Initially Agreeing To Dismissal.**

The absence of prejudice to defendants is plain from their initial ***agreement*** to dismiss the whole case from this Court and continue it in D.C. Superior Court.  And in fact, defendants satisfy none of the requirements for "clear legal prejudice."  "Legal prejudice includes 'effort and expense in preparing for trial, excessive delay and lack of diligence in prosecuting the action, insufficient explanation for taking nonsuit, and the filing of motions for summary

---

[3]  It is well-established that "dismissals for lack of jurisdiction are not decisions on the merits and therefore have no *res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction."  *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999).

judgment.'" *Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley*, 178 F.R.D. 328, 331 (D.D.C. 1998) (citations omitted). Here, there has been no trial preparation, no excessive delay or lack of diligence, no lack of explanation for the need for voluntary dismissal, and there are no pending motions for summary judgment. *See id.*

Lacking any "clear legal prejudice," defendants have told Ajilon that they oppose dismissal of the entire case because Ajilon "obtained extensive discovery against [defendants], put them through two injunctive relief hearings, made them answer the complaint and then to endure more discovery. . . ." (Ex. 2.) But the D.C. Circuit has rejected precisely that "harm" as a basis for opposing voluntary dismissal under Rule 41(a)(2). In reversing the district court's denial of a motion for voluntary dismissal in *Conafay*, the D.C. Circuit held that legal prejudice does not include "'the necessity that defendant might face of defending another action'" and also recognized that, given the similar subjects of the two rounds of litigation, "***little if any of the work product produced or the effort expended by appellee in the first round of this litigation would be useless for the second***." *Conafay*, 841 F.2d at 419 (citation omitted and emphasis added).

So, too, in this case. The fact that both parties have spent time and expense litigating in this Court is no basis to deny Ajilon's motion, particularly since those efforts will be directly applicable to the D.C. Superior Court action. *See id.* (Ajilon will file its D.C. Superior Court complaint within days.) All the discovery to date will be applicable in D.C. Superior Court, where Ajilon expects that its claims to be the same. All written discovery responses, documents produced, and deposition testimony taken will be usable in and relevant to the lawsuit Ajilon expects to file shortly in D.C. Superior Court. In short, Ajilon expects that this case—which

remains in discovery, with substantial discovery still to be completed—would pick up in D.C.

Superior Court where it left off in this Court.

> 2.  **Ajilon's Claims Against All Defendants Should Be Litigated In A Single Court.**

Defendants' preferred approach—dismissal of SPG only, so the parties are forced to

litigate related cases in two courts—would result in dueling proceedings on similar issues in two

court systems and duplicative efforts by the parties.  This serves neither the parties, nor this

Court, nor the D.C. Superior Court.  Moreover, and as described above, it has only become

clearer since the amended complaint was filed that at the heart of this case is SPG's plan to

expand its business operations by raiding Ajilon employees and inducing their breach of

contractual commitments by, among other things, a promise of indemnification in the litigation

they expect to ensue.  Because SPG is a central player in the individual defendants' wrongful

conduct and Ajilon's claims against SPG and the individuals involve many of the same facts and

discovery, it makes no sense to sever SPG for a separate proceeding in a different court.  *See*

*Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545, 570 (1983) (adhering to the

"general judicial bias against piecemeal litigation" and affirming district courts' dismissal of

suits in light of related state court action); *see also Estate of Israel v. Commissioner of I.R.S.*, 159

F.3d 593, 596 (D.C. Cir. 1998) (declining to bifurcate case as "contrary to the Supreme Court's

admonition" to preserve the court's resources and that "[p]arallel litigation in separate courts

wastes judicial resources and has the potential to spawn inconsistent judgments"); *Columbia*

*Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial

administration counsels against separate proceedings, and the wasteful expenditure of energy and

money incidental to separate litigation of identical issues should be avoided.") (footnotes

omitted).

**CONCLUSION**

For the reasons stated in this motion and incorporated points and authorities, Ajilon

respectfully requests that this action be dismissed in its entirety without prejudice.

Dated: March 4, 2008

By:  /s/ Geoffrey M. Sigler
Eugene Scalia (Bar No.: 447524)
Jason C. Schwartz (Bar No.: 465837)
Geoffrey M. Sigler (Bar No.: 478390)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Tel. 202.955.8500
Fax. 202.467.0539

*Attorneys for Plaintiff*
*Ajilon Professional Staffing, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
AJILON PROFESSIONAL STAFFING, LLC,           :
                                          :
                 Plaintiff,                   :
                                          :
                    v.                    :      CASE NO. 1:07-cv-01281-RJL
                                          :
JOSHUA KUBICKI, KIMBERLY DANOWSKI,     :
JON POMYKALA, and SOLOMON-PAGE       :
GROUP, LLC,                               :
                                          :
                 Defendants.              :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

## <u>ORDER</u>

       Upon consideration of Plaintiff's Motion to Dismiss Without Prejudice, the opposition,

and the record herein, it is by the Court this __ day of March, 2008,

       ORDERED:  that the motion be and hereby is GRANTED; and it is

       FURTHER ORDERED:  that this action is hereby dismissed in its entirety without

prejudice.

                            _____

                            JUDGE RICHARD J. LEON
                            United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of Ajilon's Motion to Dismiss

Without Prejudice, and proposed order, to be electronically served this 4th day of March, 2008

through the Court's electronic case filing system upon the following counsel:


Michael A. Schlanger, Esq.    Joel A. Klarreich, Esq.
Anthony Herman, Esq.     Tannenbaum Helpern Syracuse &
Mark W. Mosier, Esq.     Hirschtritt
Covington & Burling LLP    900 Third Avenue
1201 Pennsylvania Ave., NW   New York, New York 10022
Washington, D.C. 20004    jak@thshlaw.com
mschlanger@cov.com
aherman@cov.com
mmosier@cov.com


<u>/s/ Geoffrey M. Sigler</u>
Geoffrey M. Sigler

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

AJILON PROFESSIONAL STAFFING, LLC,

Plaintiff,

08 Civ. 1237 (DAB)
-against-                                   ORDER

SOLOMON-PAGE GROUP, LLC, ANDREW SMITH,
MICHELLE ROBEY, ROSE ZIZZO AND PAVEL
SOBOTKO,

Defendants.
----------------------------------------X

DEBORAH A. BATTS, United States District Judge.

As stated on the record during the hearing held on February 25, 2008, the Court hereby Orders as follows:

(1) That none of the individual Defendants who are still employed by Defendant Solomon-Page Group, LLC ("Solomon-Page") are to work in any way, shape, or form in placing in finance or in the financial area;

(2) That any materials that have arrived at Solomon-Page in any office at any time that came from Plaintiff are never to be used during this period and that there is a prohibition on the use of them and anyone who uses anything that was even derived from materials that came from Plaintiff will be in contempt of Court, in addition to any other liabilities that they are facing;

(3) That Defendant Andrew Smith is not to work in finance whether he gets a new job or not. He is not to disseminate further, any materials that he has from Plaintiff. And, if he gets a job, it cannot be in finance; and

**Exhibit 1**

(4) That Solomon-Page may not work any business in the finance area on Long Island from any office unless it can establish that it already had relationships, prior to December 1, 2007, with the candidates or clients with whom it seeks to do business.

The next hearing in this matter shall be held on April 28, 2008 at 4:00 PM.

SO ORDERED.

Dated:    New York, New York
          February 29, 2008

                                        _Deborah A. Batts_
                                        Deborah A. Batts
                                        United States District Judge

2

**Sigler, Geoffrey M.**

| | |
|---|---|
| **From:** | Schlanger, Michael [mschlanger@cov.com] |
| **Sent:** | Tuesday, February 26, 2008 11:07 PM |
| **To:** | Scalia, Eugene; Sigler, Geoffrey M. |
| **Cc:** | jak@thshlaw.com; Mosier, Mark; Calland, Shelli |
| **Subject:** | Ajilon v. Kubicki: dismissal question |

Gene and Geoff,

   I have now had the opportunity to review the dismissal question with co-counsel and client personnel. Here is our position: First, we will join you in a stipulation to dismiss the federal case as against Solomon Page. Second, I will accept service on behalf of Solomon Page of a complaint to be filed against it in DC Superior Court. Third, the individual defendants will not agree to a dismissal of the federal case as against them. If Ajilon wants to continue to litigate claims against them, it will have to do so in the federal case. The reasoning is as follows: Ajilon sued them in federal court. The case has been litigated vigorously against them in federal court since July 2007. They have endured depositions and documents production, a TRO proceeding against them, a PI proceeding against them, and interrogatories and documents requests in the merits phase of the case. Judge Leon has invested considerable time in learning the case, as have we in presenting the case to him. Through no fault of the defendants, Covington, Tannenbaum or Gibson Dunn, your predecessor counsel destroyed diversity jurisdiction by adding Solomon Page as a defendant. Once it had chosen federal court as the forum in which to litigate against the individual defendants, had obtained extensive discovery against them, put them through two injunctive relief hearings, made them answer the complaint and then to endure more discovery, Ajilon could not have written its way out of Judge Leon's federal court by intentionally adding a non-diverse (and therefore jurisdictionally-destroying) defendant. That your predecessor counsel did so negligently rather than intentionally does not change the result. Despite predecessor counsel's major misstep, Ajilon's ability to continue on in federal court against the individual defendants remains intact. But the individual defendants are not willing to be sued a second time, in a second court, before a second judge. I am on a train home from NYC. I will be in my Washington office Wednesday and Thursday. Friday through Sunday, I will be attending Covington's Partners' Retreat, which is being held at the Waldorf. (No change of scenery for the weary, only a busman's holiday.) I will have my Blackberry and cell phone throughout, so I will be easy to reach.) Michael

**Exhibit 2**